940 F.2d 665
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ernest DANIELS, Plaintiff-Appellant,
v.
Jerry SOUTHFORT, et al., Defendants-Appellees.
 No. 90-3746.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 6, 1991.*
Decided Aug. 13, 1991.
 
 Before WOOD, Jr., EASTERBROOK and KANNE, Circuit Judges.
 Order
 Ernest Daniels, brother to Roosevelt Daniels, a big-time drug dealer in federal custody, see United States v. Daniels, 902 F.2d 1238 (7th Cir.1990), believes that he and his friends are being harassed by Chicago's police. He filed this action under 42 U.S.C. Sec. 1983 seeking an injunction against the police. His complaint lists a number of incidents between July and November 1990; Daniels contends that the police arrested, stopped, searched, assaulted, or intimidated various of his friends, warning them not to associate with him. The district court denied the motion for a preliminary injunction, ruling that Daniels has an adequate remedy in damages. The appeal lies under 28 U.S.C. Sec. 1292(a)(1).
 Jurisdiction is the first question in any case, and Chicago argues that there is none because Daniels lacks standing. The district court did not mention this problem, instead addressing the merits. Chicago's position has substantial merit. Daniels does not contend that he has been wrongly arrested. He was once a passenger in a friend's van when, he says, police improperly stopped and searched it. But Daniels does not say that the police have improperly stopped or searched him. His complaint concerns the way the police are treating his friends. These friends are the best champions of their own claims; they are competent adults, and Daniels may not represent them as "next friend". Unless Daniels can show that he personally suffers injury, his claim is "conjectural and hypothetical", and he lacks standing. Los Angeles v. Lyons, 461 U.S. 95, 105, 107 n. 8 (1983). See also Whitmore v. Arkansas, 110 S.Ct. 1717, 1722-23 (1990). The need to establish a personal stake is especially pressing when the plaintiff seeks relief against the operation of state and local criminal justice systems, as Daniels does. O'Shea v. Littleton, 414 U.S. 488, 499 (1974).
 
 
 1
 At a hearing under Fed.R.Civ.P. 12(b)(1) Daniels might have been able to show a prospect of harassment of him personally. Or perhaps Daniels could have established that the police have driven his friends away, costing him companions or (lawful) business. That would be a personal injury, just as the publisher of a newspaper would suffer injury if the police arrested persons trying to buy the paper. But Daniels has not asked for an opportunity to offer such evidence. His lawyer did not trouble to reply to the City's brief.
 
 
 2
 Ours is an interlocutory appeal, during which proceedings have continued in the district court. In April the district judge permitted Daniels to amend his complaint. The supplement to the complaint alleges two incidents personal to Daniels: that on December 8, 1990, the police seized an automobile Daniels had leased, and that on February 25, 1991, the police broke into Daniels' apartment and stole his puppy. Daniels has standing to contest these seizures, but it is hard to see how either of them could supply a basis for the injunctive relief Daniels seeks.
 
 
 3
 Nothing in the complaint, and nothing Daniels has offered to show, establishes a case or controversy between Daniels and the City about the way the police are treating Daniels' friends. The judgment is therefore vacated. The amended complaint effectively starts a new lawsuit, and the district court's first order of business will be determining the extent to which there is jurisdiction over any of Daniels' claims. The case is remanded for proceedings consistent with this opinion.
 
 
 
 *
 Appellees filed a suggestion that oral argument is unnecessary. After preliminary examination of that suggestion and the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant filed such a response. After consideration of all of these papers, the appeal is submitted for decision on the briefs and record